Newman vs. Mahoney et al.

---

44   423|
45    69

## No. 11,003.

### H. & C. NEWMAN VS. L. MAHONEY ET AL.

1. A conveyance of land for a fixed price reciting a payment in cash of $300, and the balance in negotiable mortgage notes of the vendee, is not converted into a giving in payment by proof that the $300 was not actually paid at date of sale, but was discharged by a debt due the vendee for wages, when the same evidence shows that the sale had been agreed on nearly a year previously, and the vendee's wages were left in the hands of the vendor for the express purpose of being applied to the agreed cash payment. This was, in substance, a payment in advance.

2. Plaintiffs, in an action to revoke a sale as in fraud of creditors, carry the burden of proof of the facts necessary to support the action. If they have no means of proof except by probing the consciences of their adversaries and put them on the stand as their own witnesses, they must abide the result.

APPEAL from the Sixteenth District Court for the Parish of East Feliciana. *Brame, J.*

*John H. Stone* and *T. H. Thorpe* for Plaintiffs and Appellants:

To revoke a sale on the ground of fraudulent preference, plaintiff must prove three things, viz.: Fraud in the vendor, knowledge of insolvency in the vendee, and injury to plaintiffs. 38 An. 422.

The law forbids an insolvent debtor to give in payment to one creditor, to the prejudice of the others, any other thing than the sum of money due. C. C., Art. 2658.

*W. F. Kernan* for Defendants and Appellees:

To revoke a sale on the ground of a fraudulent preference, plaintiff must establish three things, viz.: Fraud in the vendor, knowledge in the vendee, and injury to plaintiffs. Seixas vs. Citizens Bank, 38 An. 424.

Plaintiff must prove that the purchaser knew of the insolvency of the vendor, and bought with the intent to assist him in defrauding his creditors. Bastian vs. Christian, 34 An. 883.

A sale made in good faith by a vendee can not be annulled, although it prove injurious to creditors. R. C. C. 1978.

When parties agree upon a price in money and the buyer afterward gives something else in payment, and does not in fact pay any money, the contract is one of sale, and not a *dation en paiement.* Poth., Sales, Secs. 30, 601, 603.

Parties can not shift their grounds of action, and are bound by their judici alallegations.

The opinion of the court was delivered by

FENNER, J. This is a suit by creditors to revoke a conveyance made by their insolvent debtor, L. Mahoney, to his son, T. J. Mahoney, on the ground that it was made in fraud of creditors.

The conveyance is, in form and substance, a sale. It is made for a fixed price of $1200, of which, as recited in the act, $300 was in cash and $900 in three negotiable notes at one, two and three years, secured by mortgage on the property. The evidence shows that the three hundred dollars was not paid in cash at the date of sale, but was discharged by a debt due the vendee for wages. But the same evidence, which is that of plaintiff's own witnesses, shows that the agreement to sell had been made nearly a year previously, and that

the wages due the vendee were left in the vendor's hands for the express purpose of discharging the cash payment which had been agreed on. We think this circumstance robs the conveyance of any feature of a fraudulent *dation en paiement*, and takes it out of the operation of Art. 2658, Rev. Civil Code, which forbids the giving in payment, by an insolvent, " to one creditor, to the prejudice of the others, any other thing than the sum of money due." This was, in substance, a cash payment made in advance and acknowledged in the act. We do not, however, intimate that, even in absence of this circumstance, the contract would not be a sale, under the maxim, *Non pretii numeratio, sed conventio, perficit emptionem.*

Regarded as a sale it is elementary and is conceded that, in order to revoke it, plaintiffs carry the burden of proving three things: (1) fraud in the vendor; (2) knowledge of his insolvency in the vendee; (3) injury to the plaintiffs.

It may be unfortunate for plaintiffs that they had no means of proving the knowledge of the vendee except by putting the parties themselves on the stand.

They have made the parties their own witnesses; these have unequivocally sworn that the son did not know of his father's insolvency; and there is nothing to contradict them. Plaintiffs have no alternative but to abide the result.

Judgment affirmed.